

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
~~YOUR XX IL XX XX~~
ATTORNEY GENERAL

April 12, 1939

Honorable A. J. Luckett
County Attorney
Comal County
New Braunfels, Texas

Dear Sir:

Opinion No. O-609

Re: Whether, under the facts stated,
the transportation of laborers to
Ohio is in violation of Art. 1690a,
Penal Code, without obtaining
certificate or permit from the
Railroad Commission under Art. 911a,
R. C. S.

We are in receipt of your letter of April 6, 1939, wherein you outline
the following facts:

"A citizen of this community has contracted with the
owner of a large truck farm in the State of Ohio to
furnish a number of Mexican laborers. He has contacted
a number of local laborers and they have agreed to go
with him to Ohio. His agreement is to deliver at the
truck farm on a certain date these laborers for the
purpose of cultivating the crop and harvesting same.
He plans to transport these laborers from this
community to Ohio on a truck owned and operated by
him. He receives a compensation of about $10.00 to
$15.00 per head from these laborers for getting them
this job. He will also receive a compensation from
the truck farmer for locating these laborers. After
they arrive in Ohio, he will act as a sort of sub-
foreman and timekeeper. Upon the completion of the
work in the fall, he is to return these laborers to
this County without any additional charges to them.
If for any reason he is unable to transport said
laborers, he will make said trip to Ohio with his
family on the same truck."

You request our opinion whether or not under the above facts the person
transporting said laborers will be in violation of Article 1690a of the
Penal Code unless he first obtains a permit from the Railroad Commission
of Texas under Article 911a, Revised Civil Statutes.

Article 1690a, Penal Code, provides a penalty for those who violate Article 911a, Revised Civil Statutes.  Article 911a provides for the regulation of motor bus transportation.  Section 1 (c) of the last mentioned act reads in part as follows:

> "The term 'Motor Bus Company' when used in this Act (Art. 911a; P. C. 1690a) means every corporation or persons as herein defined, their lessees, trustees, receivers, or trustees appointed by any court whatsoever, owning, controlling, operating, or managing any motor propelled passenger vehicle, not usually operated on or over rails, and engaged in the business of transporting persons for compensation or hire over the public highways within the State of Texas, whether operating over fixed routes or fixed schedules, or otherwise; . . ."

Section 2 of said Article 911a, provides that "all motor bus companies as defined herein are hereby declared to be common carriers and subject to regulation by the State of Texas and shall not operate any motor propelled passenger vehicle for the regular transportation of persons as passengers for compensation or hire over any public highway in this State in accordance with the provision of this Act."

Other parts of Article 911a provide for the issuance of certificates and permits under proper circumstances.

In the case of Hoffman v. State, 20 S. W. (2) 1057, it was held that this law is not violated by an agent of a company who hires a service car one time to transport over a public highway of this State passengers who had been brought to our State line upon a vehicle operated outside the State by such company.

In the case of Commercial Credit Company v. Groeeclose, 66 S. W. 709, the El Paso Court of Civil Appeals held that Article 1690a of the Penal Code was not violated by a person who, in making an isolated trip from El Paso to Big Spring, accepted compensation from a person who accompanied him on the trip.

Under the facts outlined by you, the person whom you mention is apparently not engaged in the regular transportation of persons as passengers for compensation or hire over the public highways of this State and the above cases would control.

Our answer to your question is in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Glenn R. Lewis


By
      Glenn R. Lewis
        Assistant

GRL:N/ldw

APPROVED
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS